UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRI L. DAVIS, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. _____ |
| THE MOSTYN LAW FIRM, P.C. | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT — COLLECTIVE ACTION

I.

SUMMARY

1.  The Mostyn Law Firm, P.C. ("Defendant") required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate her for such hours at the overtime rate required under the Fair Labor Standards Act ("FLSA"). Defendant's conduct violated the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA-mandated overtime wage rate. See 29 U.S.C. § 207(a).

2.  Defendant's other employees were subject to the same FLSA violation. Plaintiff hereby files this action to recover overtime compensation owed to her individually and on behalf of all other similarly situated employees (hereinafter "Class Members").

II.

SUBJECT MATTER JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of this action under 29 U S.C. § 216(b) and 28 U.S.C. § 1331.

1

4. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

III.

PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Sherri L. Davis is an individual residing in Harris County, Texas. Plaintiff's written consent to be a party to this action is attached as Exhibit "A."

6. The Class Members are all of Defendant's current and former employees who worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.

7. Defendant Mostyn Law Firm, P.C. is a Texas professional corporation with its principal office at 3810 W. Alabama, Houston, Texas 77027. It may be served with process through its registered agent for service, Mr. John Steven Mostyn, at 3810 W. Alabama, Houston, Texas 77027.

IV.

COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

12. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard.

V.

FACTS

13. Defendant is a Texas law firm with its principal office in Houston, Harris County, Texas, with additional offices in Beaumont, Texas; Galveston, Texas; and Austin, Texas.

14. Defendant employs paralegals who perform legal assistant services for the benefit of the attorneys in the firm.

15. Plaintiff was a paralegal who performed legal assistant services as an employee of Defendant.

16. Although Plaintiff was required to work and did in fact work more than forty hours per week, she was not compensated at the FLSA mandated time-and-a-half rate for hours worked in excess of forty in a week.

17. Plaintiff was a non-exempt employee.

18. Defendant paid Plaintiff an annual salary for all hours worked.

19. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

VI.

VIOLATION OF 29 U.S.C. § 207

20. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

21. Defendant's practice of failing to pay Plaintiff at a time-and-one-half rate for hours worked in excess of forty (40) per workweek violated the FLSA. 29 U.S.C. § 207.

22. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are employed are applicable to Defendant or to Plaintiff.

## VII.

### COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek.

24. Other employees similarly situated to Plaintiff work or have worked for Defendant's law firm as paralegals and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

25. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

26. Class Members perform or have performed the same or similar work as that performed by Plaintiff.

27. Class Members regularly work or have worked in excess of forty hours during a workweek.

28. Class Members are not exempt from receiving overtime pay under the FLSA.

29. Class Members are similar to Plaintiff in terms of their job duties, pay structure, and denial of overtime pay.

30. Defendant's failure to pay overtime compensation required by the FLSA results from its generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

31. The experience of Plaintiff with respect to denial of overtime pay is typical of the experiences of the Class Members.

32. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

33. All Class Members, without regard to their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

34. Although the exact amount of damages may vary among Class Members, the damages for each Class Member can be calculated easily by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

35. Accordingly, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendant's current and former paralegal employees who worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.**

VIII.

DAMAGES SOUGHT

36. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

37. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

38. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

IX.

PRAYER

For the foregoing reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. An equal amount as liquidated damages as allowed under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA; and

d. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

**THE MABRY LAW FIRM, PLLC**

By: *[signature]*

Alex Mabry
State Bar No. 00792043
711 West Alabama Street
Houston, Texas 77006-5005
Telephone: 832-350-8335
Facsimile: 713-523-1116
**ATTORNEY IN CHARGE
FOR PLAINTIFF SHERRI L. DAVIS**